UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
FORT WORTH DIVISION

| | |
|---|---|
| JESSICA RODRIQUEZ, § <br> INDIVIDUALLY AND A/N/F OF J.R. § <br> AND J. R., MINOR CHILDREN § <br>     Plaintiff, § <br> § <br> V. § <br> § <br> UNITED STATES POSTAL SERVICE § <br>     Defendant. § | Civil Action No. 4:23-CV-314 |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, JESSICA RODRIQUEZ, INDIVIDUALLY AND A/N/F OF J.R. AND J. R., MINOR CHILDREN**, hereinafter called Plaintiff, complaining of and about UNITED STATES POSTAL SERVICE, hereinafter called Defendant, (USPS) and for cause of action shows unto the Court the following:

### I.  PARTIES AND SERVICE

1. Plaintiff, JESSICA RODRIGUEZ, is an individual who is a resident of Tarrant County, Texas.

2. Minor J.R. is a resident of Tarrant County, Texas.

3. Minor J. R. is a resident of Tarrant County, Texas

4. Defendant, UNITED STATES POSTAL SERVICE, is a federal agency and may be served with process by serving the **Postmaster General, Louis DeJoy at 475 L'Enfant Plaza SW, Washington, DC 20260.** Service of said Defendant as described above can be perfected by personal delivery or certified mail.

## II.     JURISDICTION AND VENUE

5.      Plaintiff is a citizen of Texas suing a government entity and the amount in controversy is more than $75,000.00, not counting interest and costs of court.

6.      The Court has jurisdiction over the parties, and the amount in controversy is within the jurisdictional limits of this court.

7.      Venue is proper in this district under 28 U.S.C. § 1402(b) because Plaintiff resides in this district and the act or omission complained of occurred in this district.

## III.     FACTS

8.      On or about August 30, 2021, Plaintiff was traveling near Azle Ave. and Robinson St., in Tarrant County, in a safe and prudent manner. Suddenly and without warning, Debbie Parker, an employee of Defendant USPS, made a U-turn striking the right side of Plaintiff's automobile which was the proximate cause of the injuries and damages complained of in this complaint.

## V.     PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT USPS

9.      Debbie Parker had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10.     Plaintiff's injuries were proximately caused by Debbie Parker's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Debbie Parker consisted of, but is not limited to, the following acts and omissions:

   A.  In that Debbie Parker failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B.  In that Debbie Parker failed to yield the right of way to an oncoming vehicle as an ordinary, prudent individual would have in the same or similar situation; and,

      C.      Debbie Parker failed to pay attention, as an ordinary, prudent individual would have in the same or similar situation.

## AGENCY AND RESPONDEAT SUPERIOR

11. At all times relevant hereto, Debbie Parker was acting in her individual capacity and also as an agent, representative, and employee of Defendant USPS, and acting within the scope of her employment. Therefore, Defendant USPS is liable to Plaintiff for the acts and/or omissions of Debbie Parker, while she was acting within the course and scope of her employment. Alternatively, Plaintiff pleads that Debbie Parker was acting as a common carrier for Defendant USPS, and therefore liable, as she was delivering goods which were to be delivered to a consignee at the point of destination. *See* TEX. TRANS. CODE § 5.006.

## VI.    DAMAGES FOR PLAINTIFF

12. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jessica Rodriguez, was caused to suffer severe bodily injuries and to incur some or all of the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jessica Rodriguez, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past and future;

    D.    Impairment in the past and future;

    E.    Mental anguish in the past and future;

    F.    Property damage;

    G.    Disfigurement;

13. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jessica Rodriguez, Individually and a/n/f of J.R., a minor child was caused to suffer severe bodily injuries and to incur some or all of the following damages:

   H. Reasonable medical care and expenses in the past. These expenses were incurred by Jessica Rodriguez Individually and a/n/f of J. R., for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

   I. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   J. Physical pain and suffering in the past and future;

   K. Impairment in the past and future;

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jessica Rodriguez, Individually and a/n/f of J.R., a minor child was caused to suffer severe bodily injuries and to incur some or all of the following damages:

   L. Reasonable medical care and expenses in the past. These expenses were incurred by Jessica Rodriguez Individually and a/n/f of J. R., for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

   M. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   N. Physical pain and suffering in the past and future;

   O. Impairment in the past and future;

## VII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully ask(s) that the Defendant be cited to appear and answer and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for some or all of the following damages:

a) Physical pain in the past and future;

b) Mental anguish in the past and future;

c) Disfigurement in the past and future;

d) Physical impairment in the past and future;

e) Medical expenses in the past and future;

f) Loss of earning capacity in the past and future;

g) Lost wages in the past and future;

h) Property damage;

i) Costs of suit;

j) Prejudgment and post-judgment interest;

k) All other and further relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**BAILEY & GALYEN**
1300 Summit Ave., Ste 650
Fort Worth, TX  76102
(817) 592-6070 - Office
(817) 778-9211 – Facsimile
spierret@galyen.com - Email
dallaslit@galyen.com – E-Service only

By:   */s/ Steven Pierret*
Steven Pierret
Texas State Bar No.:  16001600

*ATTORNEY FOR PLAINTIFF*